IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JOSE PATRICO SOTO-NUNEZ,

      Petitioner,

Civil No. 09-578-PA

v.

MARK NOOTH,

OPINION AND ORDER

      Respondent.

Thomas J. Hester
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

      Attorney for Petitioner

John R. Kroger
Attorney General
Kristen E. Boyd
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

      Attorneys for Respondent

1 - OPINION AND ORDER

PANNER, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he challenges the legality of his underlying criminal sentence. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is denied.

## BACKGROUND

Following a jury trial combining charges from two indictments, petitioner was convicted of two counts of felony DUII, two counts of Giving False Information to a Police Officer, and Identity Theft. Relevant to this habeas action,[1] at sentencing the trial court imposed an upward departure sentence on petitioner's Identity Theft conviction. The court based its departure sentence on petitioner's persistent involvement in similar offenses, namely his three prior convictions for Giving False Information to a Police Officer. Trial Transcript, Vol. 2, pp. 3, 18. The trial court ultimately imposed a sentence totaling 102 months in prison. Respondent's Exhibit 101.

During his direct appeal, petitioner argued that the trial court lacked authority to impose a departure sentence on the Identity Theft conviction based on facts that were not pled in the indictment, admitted by petitioner, or found by a jury. Respondent's Exhibit 113, p. 6. Although he admitted his error was

---

[1] Petitioner limits his habeas challenge to the legality of his Identity Theft sentence. Memo in Support (#33), p. 4 n. 2.

2 - OPINION AND ORDER

unpreserved for appellate review, he asked the Oregon Court of Appeals to reach it on the basis that it constituted "plain error" under Oregon law.[2] The Oregon Court of Appeals agreed, reviewed the assignment of error, and granted relief on petitioner's Sixth Amendment claim.

Respondent petitioned the Oregon Supreme Court for review, which was granted. The Oregon Supreme Court vacated the decision of the Oregon Court of Appeals and remanded the case for reconsideration "in light of *State v. Ramirez*, 343 Or. 505 (2007), *adh'd to on recons,* 344 Or. 195 (2008) (S0542671 A123657), and *State v. Fults,* 343 Or 515 (2007) (s054609; A127874)." Respondent's Exhibit 125.

Upon remand, the Oregon Court of Appeals concluded that its exercise of discretion to entertain petitioner's Sixth Amendment claim as plain error had been erroneous. Respondent's Exhibit 133, p. 1. Specifically, the appellate court reasoned as follows:

> Here, defendant had three prior convictions for giving false information to a police officer. That offense, although not identical to identity theft, is sufficiently similar that there is no legitimate debate that the jury would have found defendant's three prior convictions to

---

[2] Appellate review in Oregon's state courts is governed by ORAP 5.45(1) which states that "[n]o matter claimed as error will be considered on appeal unless the claimed error was preserved in the lower court. . . ." ORAP 5.45(1) does, however, provide an alternate procedure whereby "the appellate court may consider an error of law apparent on the face of the record." This latter provision allows the Oregon Court of Appeals to consider errors of law which are "obvious" and "not reasonably in dispute." *Ailes v. Portland Meadows, Inc.,* 312 Or. 376, 381, 823 P.2d 956 (1991).

3 - OPINION AND ORDER

>   be for a "similar offense." Defendant did not dispute--
>   in the trial court, on direct appeal, or on remand--the
>   trial court's finding that the offenses were similar.
>   Likewise, given the number of defendant's prior
>   convictions, we conclude that there is also no legitimate
>   debate that the jury would have found defendant to have
>   been persistently involved in similar offenses.
>   Accordingly, we decline to exercise our discretion to
>   review the assigned error.

Respondent's Exhibit 133, pp. 2-3 (internal citation omitted). The Oregon Supreme Court denied review. Respondent's Exhibit 135.

Petitioner filed for state post-conviction relief, but later moved to voluntarily dismiss the case. He proceeded to file for federal habeas corpus relief on May 26, 2009 raising a single claim: whether the trial court's imposition of a departure sentence violated his right to a jury trial under the Sixth Amendment.

Respondent asks the court to deny relief on the Petition because: (1) the specific argument petitioner makes here was never presented to any state court; (2) petitioner's Sixth Amendment claim was not fairly presented to Oregon's state courts and is now procedurally defaulted; (3) to the extent the claim he argues now was fairly presented to Oregon's state courts, they denied relief on the claim in decisions that are entitled to deference; and (4) petitioner's claim lacks merit.

## DISCUSSION

### I. Exhaustion and Procedural Default: Standards

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a

direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518

5 - OPINION AND ORDER

U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

## II. Analysis

Respondent asserts that petitioner has materially altered the factual basis underlying his Sixth Amendment claim, leaving his argument procedurally defaulted. The court need not decide this issue because, for the reasons which follow, petitioner failed to fairly present any claims to the Oregon Supreme Court.

When petitioner took his direct appeal, he conceded that he "did not object to the departure sentence imposed on his identity theft conviction," and that "he did not raise the constitutional objection that he now raises on direct appeal." Respondent's Exhibit 113, p. 7. He thus readily conceded, "Defendant's argument on appeal is unpreserved." *Id* at 8. He therefore asked the Oregon Court of Appeals to review his unpreserved error on the basis that it constituted plain error.

As noted in the Background of this Opinion, the Oregon Court of Appeals ultimately determined that petitioner's unpreserved Sixth Amendment claim did not constitute plain error. As a result, refused to exercise its discretion to overcome the procedural bar in order to review it. Respondent's Exhibit 133. Petitioner's claim was therefore rejected by virtue of a state procedural rule, which was independent of the federal question, and adequate to support the judgment. As a result, this court is precluded from

6 - OPINION AND ORDER

reviewing it. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Vansickel v. White*, 166 F.3d 953, 957 (9th Cir.), *cert. denied*, 528 U.S. 965 (1999).

Put another way, following the procedural dismissal by the Oregon Court of Appeals, petitioner was left with no ability to raise his unpreserved Sixth Amendment claim to the Oregon Supreme Court in a context in which the merits would be considered. *See Castille*, 489 U.S. at 351. Because petitioner can no longer present his Sixth Amendment claim to Oregon's state courts, it is procedurally defaulted and the default has not been excused. Relief on the Petition is therefore denied.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is DENIED. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 29 day of March, 2011.

/s/ Owen M. Panner
Owen M. Panner
United States District Judge

7 - OPINION AND ORDER